# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1312V

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
WILLIAM RECORD,                     *        Chief Special Master Corcoran
                                    *
              Petitioner,           *        Filed:  May 12, 2026
                                    *
      v.                            *
                                    *
SECRETARY OF HEALTH AND             *
HUMAN SERVICES,                     *
                                    *
              Respondent.           *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Brian R. Arnold,* Brian R. Arnold & Assoc., Richardson, TX, for Petitioner.

*Jay Travis Williamson*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART AWARD OF ATTORNEY'S FEES AND COSTS[1]

On April 29, 2021, William Record (initially a *pro se* litigant) filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he suffered from a shoulder injury related to vaccine administration as a result of Hepatitis A and B vaccines he received on April 30, 2018, and/or that these vaccines caused some other constellation of injuries. Petition (ECF No. 1) at 1.

A one-day entitlement hearing was held in Washington, D.C., on March 13, 2024, and a decision denying entitlement was entered on September 3, 2024. Decision, dated Sept. 3, 2024 (ECF No. 60) ("Decision"). Petitioner moved for review of my decision (ECF No. 61) and that motion was granted. *See* Judge Vaccine Reported Opinion and Order, dated Feb. 26, 2025 (ECF No. 72). Before the completion of briefing several issues on remand, the parties successfully settled

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

the case, and I issued a decision awarding Petitioner compensation thereafter. *See* Decision, dated July 1, 2025 (ECF No. 78).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Jan. 28, 2026 (ECF No. 82) ("Final Fees Mot."); Supplement to Motion, dated Apr. 21, 2026 (ECF No. 84) ("Supp. Mot."). This is Petitioner's sole fees and costs request. Petitioner requests a total of $83,723.04 ($74,273.75 in fees, plus $9,449.29 in costs) for the work performed by the attorneys and paralegals at the law offices of Brian R. Arnold & Associates. Supp. Mot. at 3, 4. Respondent reacted to the fees requests on January 30, 2026. *See* Response, dated Jan. 30, 2026 (ECF No. 83) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 4. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$82,851.54**.

## I. Calculation of Fees

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

| | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|---|
| **Brian R. Arnold (Attorney)** | $475.00 | $475.00 | $475.00 | $475.00 | $475.00 | $475.00 |
| **Paralegals** | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 |

ECF No. 82-1 at 13–25.

Attorney Arnold has been a licensed attorney since 1983, and has been admitted to practice in the U.S. Court of Federal Claims since 1989. *See* Arnold Affidavit, filed Jan. 28, 2026 (ECF No. 82-2) at 2. Mr. Arnold practices in the Dallas-Fort Worth area. *See id.* at 1. Petitioner requests $475.00 per hour for all time billed by Mr. Arnold in each relevant year the case was being litigated, and $150.00 per hour for paralegal work performed in the 2021–26 timeframe. ECF No. 82-1 at 13–25. These rates require adjustment.

Mr. Arnold was previously been awarded the lesser rate of $460.00 per hour for time billed in the 2021–23 period. *See Hartley v. Sec'y of Health & Hum. Servs.*, No. 19-0990V, 2023 WL 3966502, at *2 (Fed. Cl. Spec. Mstr. Jun 12, 2023). I find no reason to deviate from this previously-established rate, and therefore similarly reduce Mr. Arnold's rates to be consistent with *Hartley*. For time billed in 2024–26, however, the requested increased rate of $475.00 per hour is appropriate and will be awarded. The requested paralegal rate is consistent with prior Program decisions and will therefore be awarded in full.

All time billed to the matter otherwise was reasonably-incurred, and will be awarded. But the rate adjustment for the 2021-23 timeframe results in a reduction of fees to be awarded of **$871.50**.[3]

## II.     Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $9,449.29 in outstanding litigation costs, including the filing fee, medical record retrieval costs, postage costs, travel costs associated with oral argument, and costs

---

[3] This amount consists of ($475.00 - $460.00 = $15.00 x 58.1 hrs.) = $871.50.

associated with the work of a single expert, Dr. Ava C. Stanczak. ECF No. 84-1 at 2. Dr. Stanczak prepared two written reports and testified on behalf of Petitioner. Dr. Stanczak submitted an invoice reflecting a total of $7,500.00 (50 hours of work billed at $150.00 per hour). The total amount charged was largely reasonable for the work performed,[4] and I do not find any reason to make reductions. The other litigation-related costs are typical in Program cases, were reasonably incurred in this matter, and are thus appropriately included in this award.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs. Petitioner is awarded a total amount of **$82,851.54**, reflecting $73,402.25 in attorney's fees, plus $9,449.29 costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] I did not deem Dr. Stanczak to be a particularly persuasive or capable expert, and I would not likely reimburse her for her time in future matters. But resolution of the case did not ultimately turn on her input, and the total amount she is billing for her time is not excessive enough to engage in an exercise of adjustments or across-the-board percentage reductions, under the circumstances.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.